**FILED**

NF

SEP 2 1 2006

SEP 21 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

U.S. EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
)
Plaintiff, )
)
v. )
)
MEDITERRANEAN PARTNERS, INC. )
d/b/a THE YORK TAVERN, )
)
Defendant. )
)
)

06CV5114
JUDGE NORDBERG
MAGISTRATE JUDGE BROWN

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to

correct unlawful employment practices on the basis of sex and to provide appropriate relief to

Cynthia Daley (Daley"), Diana Shin ("Shin"), Rachel Forbeck ("Forbeck"), Pamela Quinn

("Quinn") and a class of female employees who were adversely affected by such practices. The

U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that

Defendant, Mediterranean Partners, Inc. d/b/a The York Tavern ("Defendant" or the "York

Tavern"), discriminated against Daley, Shin, Forbeck, Quinn and a class of female employees by

subjecting them to sexual harassment, failing to correct the sexually hostile work environment,

and subjecting them to constructive discharge, in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3.    Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois, County of Cook, and has continuously had at least fifteen (15) employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty (30) days prior to the institution of this lawsuit, Daley, Shin, Forbeck and Quinn filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Pursuant to 42 U.S.C. § 2000e-5(f)(1), EEOC's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII prior to institution of the lawsuit but EEOC was unable to secure a conciliation agreement acceptable to the Commission.

2

8.      Since at least April 2004, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These practices include, but are not limited to, sexually harassing Daley, Shin, Forbeck, Quinn and a class of female employees, failing to correct the sexually hostile work environment and subjecting them to constructive discharge.

9.      The effect of the practices complained of above has been to deprive Daley, Shin, Forbeck, Quinn and a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

10.     The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

11.     The unlawful employment practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Daley, Shin, Forbeck, Quinn and a class of female employees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex;

B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

C.      Order Defendant to make whole Cynthia Daley, Diana Shin, Rachel Forbeck, Pamela Quinn and a class of affected female employees by providing appropriate back pay with

3

prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices;

D.    Order Defendant to make whole Cynthia Daley, Diana Shin, Rachel Forbeck, Pamela Quinn and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, in amounts to be determined at trial;

E.    Order Defendant to make whole Cynthia Daley, Diana Shin, Rachel Forbeck, Pamela Quinn and a class of female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, including emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F.    Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraphs 8 and 9 above, in amounts to be determined at trial;

G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

4

Respectfully submitted,

Ronald S. Cooper
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory M. Gochanour
Supervisory Trial Attorney

June Wallace Calhoun
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
312/353-7259
june.calhoun@eeoc.gov
ARDC No. 06202058

5